IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | | |
|---|---|---|
| MILLARD ANDERSON and <br> JENNIFER ANDERSON, Individually <br> and as Next Friends of <br> CBA, a Minor, <br>       Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br>       Defendant. | § § § § § § § § § § § | CASE NO. 3:11-cv-01825-L |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

For the following reasons, and as more fully explained in the Brief in Support of this Response, Abbott's Motion to Dismiss Plaintiffs' Complaint should be denied.

1. This is purely a dilatory litigation strategy. Similar motions have been filed and denied in two Humira cases that Abbott fails to cite to this Court. *Mohr v. Targeted Genetics, Inc.*, 690 F.Supp.2d 711 (C.D. Illinois 2007); *Wendell v. Johnson & Johnson*, 2010 WL 2465456 (N.D. Calif. June 14, 2010). The latter, like the case at bar, is a cancer case.

2. The rationale of *Twombley* and *Iqbal* is not present in this litigation. Abbott is defending claims of Humira induced cancers in the *Wendell* case, *Jones v. Abbott*, Case No. 2:07-cv-02120-BBD (W.D.Tenn), *Murthy v. Abbott Laboratories*, Case No. 4:11-cv-00105-KPE (S.D.TX), and others. The undersigned counsel represent the plaintiffs in *Jones* and *Murthy* (and others). Abbott has already produced nearly 1,100,000 pages of documents, produced for deposition three 30(b)(6) witness, with a fourth to take place in the future, and is currently set for trial in January 2012 in the *Jones* case. Thus, dismissal of this Complaint would not spare Abbott the costs of defending this $8 billion/year drug.

3. There is no basis for dismissal under Texas Civil Practice and Remedies Code § 82.007 without some opportunity to conduct discovery. *Ackermann v. Wyeth Pharmaceuticals*, 471 F. Supp. 2d 739, 749 (E.D. Tex. 2006) aff'd, 526 F.3d 203 (5th Cir. 2008), the only Texas court which analyzed the statute in relative detail held, "once evidence contradicting the presumption has been offered, the presumption disappears and is not weighed or treated as evidence." Abbott's reliance on § 82.007 for dismissal purposes at the pleadings stage is entirely without basis in law or in fact. The Court should deny Abbott's motion and prohibit it from improperly wielding the statute in a manner inconsistent with the clear language of the statute itself and *Ackermann*.

4. The § 82.007(a) presumption does not warrant summary dismissal for a variety of reasons, including (a) its inapplicability to inadequate warnings and (b) because Plaintiffs' Complaint contains sufficiently pled facts, if taken as true and in the light most favorable to the Plaintiff as the Court is required to do, that establish an exception under § 82.007(b)(1). *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Marquez v. Fed. Nat. Mortg. Ass'n*, 2011 WL 3714623, 2-3 (N.D. Tex. Aug. 23, 2011).

5. The learned intermediary doctrine does not warrant dismissal either. First, it is an as of yet unpled affirmative defense. It is Abbott's burden to properly plead and raise it. It has not done so. Even if it had, Plaintiffs' Complaint provides ample, sufficiently pled facts, to deny the motion. Plaintiffs respectfully urge the Court to do so.

//
//
//
//
//
//
//
//
//
//
//

-3-

    Respectfully submitted,

    PERDUE KIDD & VICKERY

    */s/ Arnold Anderson (Andy) Vickery*
    Arnold Anderson (Andy) Vickery
    Texas Bar No. 20571800
    Fred H. Shepherd
    Texas Bar No. 24033056
    510 Bering, Suite 550
    Houston, TX 77057-1469
    Telephone: 713-526-1100
    Facsimile: 713-523-5939
    Email: andy@justiceseekers.com
    Email: fred@justiceseekers.com
    *Lead Counsel for Plaintiffs*

Certificate of Service

I certify that on this 1st day of November, 2011, Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' Complaint has been electronically filed with the Clerk using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

    Andrew P. Bautista, Esq.
    Michael P. Foradas, Esq.
    Renee D Smith, Esq.
    KIRKLAND & ELLIS, LLP
    300 North LaSalle Street
    Chicago IL 60654

    Traci L. Shafroth, Esq.
    KIRKLAND & ELLIS, LLP
    555 California Street
    San Francisco, CA 94104

    */s/ Arnold Anderson (Andy) Vickery*
    Arnold Anderson (Andy) Vickery