IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | |
|---|---|
| MILLARD ANDERSON and <br> JENNIFER ANDERSON, Individually <br> and as Next Friends of <br> CBA, a Minor, <br>         Plaintiffs, <br> <br> vs. <br> <br> ABBOTT LABORATORIES, <br>         Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> §    CASE NO. 3:11-cv-01825-L <br> § <br> § <br> § |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
TO FILE SUPPLEMENTAL AUTHORITY**

Pursuant to Federal Rule of Civil Procedure 15(d) and Local Rule 56.7, Plaintiffs bring this unopposed Motion to notify the Court of relevant supplement authority with respect to Abbott's pending Motion to Dismiss and their Opposition to same.

On November 8, 2011, the United States District Court for the Southern District of Texas (Houston Division) issued an opinion in the case of *Murthy v. Abbott Laboratories*, Case No. 4:11-cv-00105.[1]  A true copy is attached hereto as Exhibit 1.  Similar to this case, *Murthy* is a personal injury, products liability action against Abbott concerning allegations of Humira-induced cancer.  Also, like here, Abbott filed a Motion to Dismiss based on both the learned intermediary doctrine and Section 82.007 of the Texas Civil Practice and Remedies Code.  In analyzing a like case in a similar procedural posture to the case at bar, the *Murthy* court denied Abbott's motion on both grounds.  Those facts alone are worth this Court's consideration.

However, the *Murthy* court did more.  It not only denied Abbott's motion based on the learned intermediary doctrine, but *in addition*, it found this affirmative defense to be inapplicable

---

[1] Plaintiffs' filed their Opposition and related Brief to Abbott's Motion to Dismiss on November 1, 2011.

and unavailable to Abbott. As we detail below, and for the reasons further outlined in Plaintiffs' Brief in Support of their Response to Abbott's motion, this Court should follow suit and not only deny Abbott's motion, but equally find the learned intermediary doctrine to be inapplicable to the case at bar.

**I.     THE LEARNED INTERMEDIARY DOCTRINE IS INAPPLICABLE IN THIS CASE.**

The district court in *Murthy* undertook a lengthy analysis of the learned intermediary doctrine, to include its origins and practical limitations in the current age of modern medicine. *Id*. at 9-14. In traversing the historical underpinnings of the doctrine, the court noted that, although it appears to generally be the law in Texas, there are caveats. At least two of these exceptions are applicable in this case.[2] Either would be fertile ground to deny the pending motion to dismiss. Either would also *independently* render the doctrine inapplicable to Abbott in this case.

The first exception is that the physician must be adequately warned about the true risks involved. *Id*. at 10-11. If they are not, then they simply cannot be learned, and one of the fundamental, underlying tenets of the doctrine is left unfulfilled. *Id*. The doctrine is, therefore, rendered inapplicable. Plaintiffs detailed the various ways in which Abbott's prescribing information was inadequate on pages 10-12 of their and will not repeat those arguments here. However, one additional fact worth consideration is that because the Humira that was prescribed to CBA, a minor, was done in an "off-label" fashion,[3] *i.e.*, one that was not approved by the FDA, then *ipso facto*, the label could not have adequately warned *any* physician about the true risks involved. It could not do so because it would not have contained any safety information related to patients in CBA's age group or disease state. It is therefore inadequate and the doctrine should not apply.

---

[2] More may well become evident; however, without benefit of *any* discovery, Plaintiffs are simply unable to develop such a record at this procedural juncture.

[3] *See* Complaint at ¶¶ 8, 10, 16.

A further exception to this "outdated and unpersuasive" doctrine discussed in *Murthy* is when a pharmaceutical company undertakes contact directly with consumers. *Id.* at 11-13 quoting *State ex rel. Johnson & Johnson Corp. v. Karl*, 220 W.Va 460, 470 (W.Va. 2007). In this context, the court specifically highlighted the recent decision by the Texas Court of Appeals in *Centocor, Inc. v. Hamilton*, 310 S.W.3d 476, 499 (Tex. App. – Corpus Christi 2010, pet. granted) and its discussion of modern medicine and direct-to-consumer marketing:

> "The changes in the delivery of healthcare brought about by direct marketing and managed care demonstrate that the theoretical underpinnings of the 'learned intermediary' doctrine do not apply when a drug manufacturer directly markets to its consumers, the patients... although a doctor must still write a prescription for prescription drugs, it is clear that many doctors are not spending the amount of time necessary to pass along warnings by pharmaceutical companies...by directly marketing to consumers and providing warnings in those advertisements, drug manufacturers have completely undermined their own arguments' that consumers cannot understand the warnings and that the companies lack effective means to communicate directly with consumers...consumer-directed advertising encroaches on [the physician-patient] relationship by encouraging consumers to ask for advertised products by name."

*Murthy* at 13-14 (internal citations and quotations omitted).

In this case, this exception to the is equally applicable. Abbott has not only undertaken direct to consumer marketing via advertising, the internet, and the telephone, but it also offers patients 24 hour-a-day nursing case.[4]  Complaint at ¶ 8. This Court should not enable Abbott to seek dismissal or otherwise defend this case in this manner in light of such conduct that completely and utterly undermines any fair notion of a learned intermediary. Rather, the Court should, like *Murthy*, not

---

[4] Although Abbott has not yet filed an Answer, based on their pleadings in other cases, they will be hard pressed to deny such direct to patient contact. Further, the Court is free to take judicial notice of www.humira.com and Abbott's 24-hour nursing service (1.800.4.Humira) at http://www.myhumira.com/NurseSupport/Default.aspx.

only deny Abbott's motion for dismissal based on this doctrine, but moreover, find the doctrine inapplicable in this case.

## II. IT IS BOTH IMPERMISSIBLE AND IMPROPER TO DISMISS A LAWSUIT BASED ON A STATUTORY PRESUMPTION WITHOUT BENEFIT OF DISCOVERY.

The Court in *Murthy* also analyzed Abbott's arguments with respect to dismissal pursuant to § 82.007 of the Texas Civil Practice and Remedies Code. As above, and out of respect for the Court's time, Plaintiff will not reiterate arguments already made. However, they will simply note that the district court in *Murthy* denied dismissal based on similar arguments put forth by Plaintiffs in this case. *See* Plaintiffs' Brief in Support at 26-27. Therein, Plaintiffs have argued that it would be improper to dismiss a lawsuit pursuant to a presumptive statute that is legislatively enabled to be rebutted prior to the onset of discovery. *Id*. As made clear in *Murthy*, such a holding is not only *not* supported by the case law or other relevant precedential jurisprudence, but would also run afoul of legislative intent by creating an "insurmountable barrier" for plaintiffs. *Id*. at 26-27. Given the overt similarities in facts and procedural posture between this case and *Murthy*, this Court should equally not do so.

### Conclusion

For all the reasons stated above, Plaintiffs respectfully ask the Court to grant this unopposed Motion and to consider Exhibit 1 and the arguments contained herein with respect to their Response to Abbott's Motion to Dismiss. An Order to that effect will be submitted. Taken together, the Court should deny Abbott's motion in its entirety and order the learned intermediary doctrine inapplicable to this case.

### Certificate of Conference

Counsel for Plaintiffs has conferred with Andrew Bautista, partner at Kirkland & Ellis, and one of the attorneys of record in this case as to this Motion. With that in mind, the Parties have

-5-

already agreed to an extension on the due date for Abbott's Reply. [Doc. 24]. Mr. Bautista has advised that Abbott does not oppose the Motion.

                Respectfully submitted,

                PERDUE KIDD & VICKERY

                */s/ Arnold Anderson (Andy) Vickery*
                Arnold Anderson (Andy) Vickery
                Texas Bar No. 20571800
                Fred H. Shepherd
                Texas Bar No. 24033056
                510 Bering, Suite 550
                Houston, TX 77057-1469
                Telephone: 713-526-1100
                Facsimile: 713-523-5939
                Email: andy@justiceseekers.com
                Email: fred@justiceseekers.com
                *Lead Counsel for Plaintiffs*

Certificate of Service

I certify that on this 14th day of November, 2011, Plaintiffs' Notice of Supplemental Authority has been electronically filed with the Clerk using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

      Andrew P. Bautista, Esq.
      Michael P. Foradas, Esq.
      Renee D Smith, Esq.
      KIRKLAND & ELLIS, LLP
      300 North LaSalle Street
      Chicago IL 60654

      Traci L. Shafroth, Esq.
      KIRKLAND & ELLIS, LLP
      555 California Street
      San Francisco, CA 94104

                */s/ Arnold Anderson (Andy) Vickery*
                Arnold Anderson (Andy) Vickery